.Mr. Justice Johnson

disseritiente—

The only question of any importance in .this cause, is,-whether U Circuit Court can, in any cáse, order, a plaintiff to. be nonsuit-ed, I’ordered the plaintiff-below-to-be'nonsuited, because the evidence was so inadequate to maintain his suit;.but had the jury found for him, I should haye set aside the-vérdict, and ordered a new- trial. The practice of the Court from which this.cause cpmes up, is this; when the plaintiff has closed-his evidence; the defendant is-at liberty to move for a nonsuit, or proceed with his testimony;'. . If he .introduces evidence, it is too late.to move for a nonsuit; and' the question always .to bé examined is, whether upon the evidence introduced by the plaintiff, ádmitting it to be true, the jury can find a verdict for him. -So that, it is- in fact, a-substitute for-a demurrerio evidence,, or: for á motion for instruction, that the plaintiff cannot recover,- upon-the-cáse made out by him in, evidence.^
CTherb áre several- reasons, why I must maintain that the . Courts, of tlie sixth Circuit, have a right to exercise the power to order -, a nonsuit-, even against '.the will of the-plaintiff; and why it- would he wise,- in all our,Circuits, to' introduce the same practice.,
• It happens unfortunately for the defendant in ei'ror here, that a majority, of the.; Judges of this-Court have pursued a different practice in their .Circuits; but this',* I must insist, is no /Sufficient reason for subverting, otherwise, .thaij.. by rule, the practice of other states in which this right has been recognised in the administrationcdf justice, coevally with the existence of their Coufts.-Such has been the case ih the states of which-the sixth Circdit, consists', and the'Att-s. of 1789-and 1792, have, adopted -into the Courts of the United States; of'the, respective Circuits, not'.only the forms of process, bufthe ‘‘modes of proceeding,” in.'suits known-to the states respectively.'- That, this comes under the.’denomination of .a mode of proceeding, or in other . words, an. establishéd practice of the state comppsing the sixth ..Circuit,' appears to. me incontrovertible.
*473 By what right then can tlüsCourt reverse a judgment of that. Circuit, founded'in a. practice thus sanctioned bylaw? It does, •seem to me, that, the defend ant beloW has a right in this judgment, vested ,bv express statute law, and pught notto. be put to the expensé of this reversal. For what, purpose is power. giVen to this, Court to alter the practice of the Circuits, by such re- , gulations. as they may deem, expedient, if such practice is nof to,he'held legal, until altered,by .a rüle of this Court? s
This Court surely does not riieah to decide, that such was not the received practice of that Circuit; this would be a decision in the teeth of positive fact; and if the purport of the decision be, thafitis an illegal practice, the immemorial practice itself,, and the 'Process Acts of the United States, furnish an express negative, to such & decision.'. .
The,idea seems to be, .that it is a .practice inconsistent with the relation in "which our Circuit Courts stand to this Court— that óúrs is not a Nisi jPriws system, or something to that effect. What then?’ This Court can alter the practice by a rule, but, tq overturn, á judgment, that has already been rendered under such ¿.practice, I must re$pectfully contend, approaches very pear to expost facto legislation, not adjudication; the proyince of which is to operate only upon existing laws. ■ But ibis not a practice appropriate exclusively, to a NisiPnuksystem, as is proved by this,' that writs of error aré sued out continually in England, upon judgment's, ori nonsuits, (see the cases cited in 1 ' Jlrchh. .Practice, 229-30,)' and,.though it.had been, the states-Were at liberty to adopt it into theirpractice, although the-A^'si Prius system be unknown, to- them.,■ That they had' adopted.it, isjcoriclu-sive against this, assumed incompatibility: And in' practice it subserves the purposes of'justice under our system, as effectually as a bill of exceptions, or a demurrer to evidence; and in several respects much better; It saves the practitioner from the weight of responsibility; which often results from being compelled to elect betWeep a voluntary nonsuit, and a démurrer to e vidence, or a bill of exceptions, which may terminate fatally to his cliept; and it. not unfrequently saves his client frbm the fatal effects, of negligence and misapprehension, either of himself or his attorney, or from surprise. -
In point, of convenience and expedition, in the administration of justice, I presume there cannot be two opinions,' .On this point, as far vsexemplumdocet, we may cite,Great Britain, Massachusetts and New-York, with some confidence, against Pennsylvania, Maryland, and Virginia.
But, it is contended, that in England the plaintiff is not non-suited, if he insists, on answering when called,' If the-fact be admitted, what then? England is not altogether, absolute in dictating to the Courts .of th'e'United States,'and if those, of the *474 states of the sixth Circuit, have asserted some independence in their rules of practice on,this subject, I presume their right was unquestionable to. do so.
But I want no other authority than the Courts of Great Britain, to justify the practice of the sixth Circuit, in this behalf. From the earliest period we find the-English Courts, in'the exercise of this power, and whoever will examine the cases collected in Mr.'Morgan’s Treatise on the doctrine of new trials, (3 vol. Essays,) will find, what a very wide range has been taken by those Courts in the application of that practice.- Nor have the more modern cases manifested any inclination to retrace their steps,Its salutary'-effects are universally felt, and perhaps contribute as largely as any other' cause to the rapid progress of theiCourts in disposing of their dockets. If there exists any case prior to that of Macbeth vs. Haldeman, 1 Term R. 172, in Which the right of the plaintiff to refuse to be nonsuited was recognised, I cannot recollect it; since in that case it would seem that }n ordinary cases the right is recognised. But there is abundant proof that the British Courts do assert the power to control the exercise of that right,, by the plaintiff, when they think proper. In the cases, of change of venue, on motion of plaintiffs, 3 Black. 1031, the rigb't is disputed, on the assumed ground that he -undertakes to prove some material fact. Now, where can be the objection to applying the same reason to every case that goes to. a jury? Does not a plaintiff’, in fact, undertake the same thing whenever he troubles a Court with his suit, and has a jury sworn to try his cause upon evidence ? he is„nó longer subjected to amercement if he fails to recover, and the right to .nonsuit him, where lie fails to produce evidence that will justify a verdict, is but a reasonable substitute for.the absolute penalty .to which-he was once subjected.
But it is. contended that án absurdity is produced, and an acknowledged right violated. ■ Yet the alternative exhibits a more direct and obvious absurdity,'since in-the case of Macbeth vs. Haldeman, and in every case of the kind, the Court asserts a positive control over the consciences of the jury, by telling them, “they,are bound to find for the, defendant.” And the greater absurdity must henceforward be incurred, of swearing a jury in a cause; and requiring a verdict at the caprice of a' plaintiff, who produces not a tittle of evidence to maintain his issue. Nor is any right of the .plaintiff taken from him, if his rights be regarded in their just extent. -He cannot claim a verdict of the jury if he does, not produce evidence to sustain it, and it is only in that case that he is, precluded from, submitting his' case to their conscience's. When we consider what Were the ancient- penal tiesfor a false verdict, before they were superseded'by the iniroduetjon of new trials; it must appear just *475 -and reasonable, that the plaintiff should rather be exposed to the necessity of bringing a new suit, or moving for a new trial, .than that the jury should be subjected to attaint, at his will.! And on the subject of’ fiction, and legal absurdity, it is certainly too late at this day for our- Courts of Justice to be very fastidious, on a consideration which has been so thoroughly. set at nought, by the action of ejectment, fine arid recovery, and sundry other, matters of the kind; to which they have resorted •for the purposes of substantial justice and public convenience.
I must submit, I suppose, but I cannot do it without protesting ágainst the right 9f forcing upon my Circuit, the practice of other Circuits in this mode..
' Ry a rule of this Court, it is, unquestionably,, in the power of the Court to .do it. But until then, I can never know what is the" practice óf my own Circuit; until I come here to learn it.